1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7  MARCEL DOUGLAS FORD,                     Case No. 24-cv-05231-JST

8                  Plaintiff,

                                           **ORDER OF DISMISSAL WITH LEAVE**
9          v.                              **TO AMEND**

10  STATE OF CALIFORNIA,

11                  Defendant.

12

13          Plaintiff has filed a *pro se* action pursuant to 42 U.S.C. § 1983.  His complaint (ECF No. 6)

14  is now before the Court for review pursuant to 28 U.S.C. § 1915A.  Plaintiff has been granted

15  leave to proceed *in forma pauperis* in a separate order.

16                                     **DISCUSSION**

17  **A.      Standard of Review**

18          A federal court must conduct a preliminary screening in any case in which a prisoner seeks

19  redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C.

20  § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims

21  that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

22  monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),

23  (2).  *Pro se* pleadings must, however, be liberally construed.  *See United States v. Qazi*, 975 F.3d

24  989, 993 (9th Cir. 2020).

25          Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

26  claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Specific facts are not

27  necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

28  grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

United States District Court
Northern District of California

1    While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,

2    the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

3    A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a

4    cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

5         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

6    (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

7    the alleged violation was committed by a person acting under the color of state law. *See West v.*

8    *Atkins*, 487 U.S. 42, 48 (1988).

9    **B.    Complaint**

10        The complaint names as defendant "State of CA, at (PBSP)." ECF No. 6 at 1. The

11   complaint alleges as follows. For a week in the winter, Plaintiff was forced to live in the

12   following unsafe conditions. Plaintiff was housed in a cell that had no heat or air. When it rained,

13   water would pour down from large cracks in the walls. The front window had been broken out,

14   and there were shards of glass everywhere throughout the cell. The water that came from the

15   faucet was dark black. Plaintiff consumed a large amount of this dirty black water, and the water

16   caused him to suffer headaches, stomachaches and diarrhea. The complaint seeks monetary

17   damages. ECF No. 6 at 4

18        The Court DISMISSES the complaint for the following reasons.

19        First, claims against the State of California are barred by the Eleventh Amendment. The

20   Eleventh Amendment bars from the federal courts suits against a state by its own citizens, citizens

21   of another state or citizens or subjects of any foreign state. *Atascadero State Hosp. v. Scanlon*,

22   473 U.S. 234, 237-38 (1985). With a few exceptions inapplicable here, a state cannot be sued

23   regardless of the relief sought. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (citing

24   Alabama v. Pugh, 438 U.S. 781 (1978)); *Confederated Tribes & Bands v. Locke*, 176 F.3d 467,

25   469 (9th Cir. 1999). The State of California is DISMISSED from this action with prejudice.

26        Second, the complaint's allegations that Plaintiff was housed in unsafe conditions is

27   insufficient, by itself, to state an Eighth Amendment claim. A prison official violates the Eighth

28   Amendment when two requirements are met: (1) the alleged deprivation of a basic necessity, such

as sanitation, must be, objectively, sufficiently serious, *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297). While the living conditions described in the complaint appear to be a sufficiently serious deprivation of clean and safe living conditions, the complaint does not allege a culpable mindset by any prison official— meaning the complaint does not plausibly allege that prison officials knew about the conditions. *See id.* at 846. The prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.* at 837. Neither negligence nor gross negligence will constitute deliberate indifference. *See Farmer*, 511 U.S. at 835-37 & n.4.

Because it appears that Plaintiff can correct the above deficiencies, the Court grants Plaintiff leave to file an amended complaint. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (district court should grant leave to amend unless pleading could not possibly be cured by allegation of other facts). In preparing an amended complaint, Plaintiff should name as defendants the specific individuals that denied him humane conditions of confinement; list the alleged constitutional provision or federal law violated; and specify what the individual did, or did not do, that was either unlawful or unconstitutional, i.e., specify how the individual knew of, but failed to address, unconstitutional living conditions. Section 1983 liability may be imposed on a defendant only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). While Rule 8 does not require detailed factual allegations, Plaintiff should not refer to defendants as a group and should not rely on a general allegation of denial of humane conditions of confinement.

## CONCLUSION

For the foregoing reasons, the Court DISMISSES the complaint with leave to amend. Within twenty-eight (28) days of the date of this order, Plaintiff shall file an amended complaint that addresses the identified deficiencies. The amended complaint must include the caption and civil case number used in this order, Case No. 24-05231 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the

United States District Court
Northern District of California

3

questions on the form in order for the action to proceed.  An amended complaint completely replaces the previous complaints.  *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 925 (9th Cir. 2010). Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, and may not incorporate material from the prior complaint by reference.  Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff.  The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

According to the California Department of Corrections and Rehabilitations' California Incarcerated Records and Information Search ("CIRIS"), which may be accessed at https://ciris.mt.cdcr.ca.gov/search, Plaintiff is no longer at his address of record and is now housed at Mule Creek State Prison.  Plaintiff is reminded that N.D. Cal. L.R. 3-11 requires *pro se* plaintiffs, such as Plaintiff, to promptly file a Notice of Change of Address informing the Court and opposing party of his new address of record whenever their addresses change while an action is pending.  N.D. Cal. L.R. 3-11.  The Clerk shall send a courtesy copy of this order to Plaintiff at Mule Creek State Prison, P.O. Box 409099, Ione, CA 95640,

**IT IS SO ORDERED.**

Dated:  February 24, 2025



_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

4