UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCEL DOUGLAS FORD,<br><br>    Plaintiff,<br><br>    v.<br><br>ALANIS, et al.,<br><br>    Defendants. | Case No. 24-cv-05231-JST<br><br>**ORDER OF SERVICE** |

Plaintiff, an incarcerated person currently housed at Mule Creek State Prison, has filed a *pro se* action pursuant to 42 U.S.C. § 1983, regarding conditions of confinement at Pelican Bay State Prison ("PBSP"), where he was formerly housed. His amended complaint (ECF No. 12) is now before the Court for review pursuant to 28 U.S.C. § 1915A.

**DISCUSSION**

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Procedural Background**

The initial complaint named the State of California as defendant and alleged that Plaintiff was forced to live in the following unsafe conditions while housed at Pelican Bay State Prison: a cell that had no heat or air with large cracks in the wall from which water would pour down when it rained; dark black water coming from the faucet that caused Plaintiff to suffer headaches, stomachaches and diarrhea; and a broken front window in the cell and shards of glass everywhere. The initial complaint sought monetary damages. ECF No. 1. The Court dismissed the complaint because claims for monetary relief against the State of California are barred by the Eleventh Amendment; no Eighth Amendment claim was stated because there was no allegation that any prison official possessed a sufficiently capable state of mind; and the complaint failed to identify the specific individuals that denied Plaintiff humane conditions of confinement. The Court granted Plaintiff leave to file an amended complaint. ECF No. 11.

**C.  Amended Complaint[1]**

The amended complaint names as defendants Pelican Bay State Prison ("PBSP") officers Alanis, Ford, Goodwin, and Hendrix.[2] The amended complaint makes the following allegations. While Plaintiff was housed in PBSP's administrative segregation unit ("Ad-Seg"), defendant

---

[1] Plaintiff's handwriting is hard to read. The Court summarizes the amended complaint to the best of its ability.
[2] The names of the first and last defendants are hard to discern due to Plaintiff's handwriting.

2

Alanis moved Plaintiff from a cell intended for temporary housing to a cell intended for permanent housing. Plaintiff addressed all of his issues with defendant Alanis within 24 to 72 hours but was told that the unit was at a standstill, all other cells were full, and being housed in a different cell was out of the question. Plaintiff's cell had no heat; there were shards of broken glass covering the cell floor; the ceiling roof leaked and water poured down the cell walls and flooded Plaintiff out each time it rained; and the cell's faucets produced cold dark brown water mixed with ash. All four officers were aware that Plaintiff's living conditions were unsafe and unhealthy, and that he had to endure these conditions during a wet winter season. Defendant Alanis made a phone call requesting better housing, but this failed, which left Plaintiff helpless while he had to endure the unconstitutional living conditions. The amended complaint requests $16,000 in compensatory damages. *See generally* ECF No. 12.

Liberally construed, the allegation that Plaintiff was forced to live in a cell that lacked heat; had shards of broken glass on the floor; had a leaking ceiling; and had faucets that produced dirty ashy water states an Eighth Amendment claim for unconstitutional conditions of confinement. The conditions under which an incarcerated person is confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Eighth Amendment imposes duties on prison officials to provides incarcerated persons with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement if he knows that the inmate face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer*, 511 U.S. at 847.

## CONCLUSION

For the foregoing reasons, the Court ORDERS as follows.

1. The following defendant(s) shall be served: Pelican Bay State Prison officers Alanis, Ford, Goodwin, and Hendrix.

2. Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners

in the CDCR's custody. In accordance with the program, the Clerk is directed to serve on the CDCR via email at CDCR_OLA_Service_of_Process@cdcr.ca.gov the following documents: the operative complaint (ECF No. 12), this order of service, a CDCR Report of E-Service Waiver form and a summons. The Clerk also shall serve a copy of this order on the Plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or could not be reached. The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons, and the operative complaint for service upon each defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3.  As detailed above, the complaint states a cognizable Eighth Amendment claim against Pelican Bay State Prison officers Alanis, Ford, Goodwin, and Hendrix.

4.  In order to expedite the resolution of this case, the Court orders as follows:

a.  No later than 91 days from the date this order is filed, Defendants must file and serve a motion for summary judgment or other dispositive motion. If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be

served concurrently with motion for summary judgment).[3]

        b.      Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than 28 days from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Defendants shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

    5.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A). (The *Rand* notice above does not excuse Defendants' obligation to serve said notice again concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

---

[3] If Defendants assert that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendant must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

6.      All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendants' counsel.  The Court may disregard any document which a party files but fails to send a copy of to his opponent.  Until Defendants' counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendants but once Defendants are represented by counsel, all documents must be mailed to counsel rather than directly to Defendants.

7.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

8.      Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

9.      Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.  Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated:  May 12, 2025



JON S. TIGAR
United States District Judge